1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

CHRISTOPHER SCOTT RIDER,                    CASE NO. 1:08-cv-01432-SMS PC

10                           Plaintiff,       ORDER DISMISSING COMPLAINT, WITH
                                              LEAVE TO AMEND

11          v.
                                              (Doc. 1)

12   JAMES A. YATES, et al.,
                                              THIRTY-DAY DEADLINE

13                           Defendants.

14   _____/

15                              **Screening Order**

16   **I.     Screening Requirement and Standard**

17          Plaintiff Christopher Scott Rider, a state prisoner proceeding pro se and in forma pauperis,

18   filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land

19   Use and Institutionalized Persons Act of 2000) on September 24, 2008.  The Court is required to

20   screen complaints brought by prisoners seeking relief against a governmental entity or officer or

21   employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or

22   portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

23   state a claim upon which relief may be granted, or that seek monetary relief from a defendant who

24   is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any

25   portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

26   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."

27   28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1   A complaint must contain "a short and plain statement of the claim showing that the pleader

2   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

5   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient

6   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

7   1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere

8   possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are

9   accepted as true, legal conclusion are not, id. at 1949.

10   Under section 1983, Plaintiff is required to show that (1) each defendant acted under color

11   of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.

12   Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  There is no *respondeat*

13   *superior* liability under section 1983.  Iqbal at 1948-49.  A supervisor may be held liable for the

14   constitutional violations of his or her subordinates only if he or she "participated in or directed the

15   violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040,

16   1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v.

17   Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick,

18   126 F.3d 1189, 1204 (9th Cir. 1997), which would include involvement in the creation or

19   enforcement of an unconstitutional policy, Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009),

20   *petition for cert. filed*, 79 U.S.L.W. 3062 (U.S. Jul. 16, 2010) (No. 10-98).

21   **II.   Summary of Complaint**

22   Plaintiff, who is currently housed at Salinas Valley State Prison, brings suit against Warden

23   James A. Yates, Chief/Director Timothy M. Lockwood,[1] and unidentified mailroom staff arising out

24   of an incident that occurred when he was housed at Pleasant Valley State.  Plaintiff alleges his rights

25   under the Free Exercise Clause of the First Amendment, the Due Process Clause of the Fourteenth

26

27   [1] The Court takes judicial notice of the fact that Lockwood is Chief of the Regulation and Policy Management Branch of the California Department of Corrections and Rehabilitation (CDCR).

28

2

Amendment, and RLUIPA were violated in November 2007 when prison officials confiscated a package containing religious artifacts.  Plaintiff seeks damages and replacement of the confiscated items.[2]

Plaintiff, who is a High Priest of the Satanic Church, received a package in the mail from a friend located overseas.  Plaintiff claims that he had permission to receive the items, which were intended as a donation to the Left-Hand Path Pagan Group, from the chaplain on his yard.  Although Plaintiff contends that the items were confiscated pursuant to an unspecified policy "handed down" to mailroom staff by Defendants Lockwood and Yates, Plaintiff also states that the reason proffered for the confiscation was forgery of a document by Plaintiff.  Plaintiff states that the forgery accusation was not proven, was slanderous, and was retaliatory due to previous lawsuits filed against prison staff.  Plaintiff alleges that the confiscation of the artifacts infringed upon his right to practice his religion, in violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and the Constitution.

## III.   Claims

### A.   RLUIPA

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'"  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)).  Plaintiff alleges very generally that without the religious artifacts, he is unable to conduct the ceremonies and rituals mandated by his religion.  Left unclear by the complaint are what artifacts were confiscated, what religious exercise was burdened by the confiscation, and what policy compelled the confiscation.  While Plaintiff may be able to set forth additional facts and state a claim, his current allegations fall short of satisfying minimal Rule

///

---

[2] Plaintiff also seeks orders (1) requiring CDCR to give pagans freedom of religion and (2) taking power away from CDCR and giving it to pagans.  The orders sought cannot be awarded by the Court, as they are not narrowly tailored to remedy the confiscation of Plaintiff's religious artifacts.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), petition for cert. filed, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561).

8 requirements.  Fed. R. Civ. P. 8(a); Iqbal at 1949-50.  Plaintiff must allege sufficient facts to support a facially plausible claim for relief.  Iqbal at 1949-50.

### B.    Free Exercise

"Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith.  Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85.

Plaintiff's free exercise claim fails for the same reason as does his RLUIPA claim.

### C.    Due Process

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, Plaintiff's complaint is devoid of any facts supporting a claim that, pursuant to an established state procedure, he was deprived of personal property without due process of law.  Hudson v. Palmer, 486 U.S. 517, 530-34, 104 S.Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527, 537-44, 101 S.Ct. 1908 (1981).  Therefore, Plaintiff fails to state a claim.

### D.    Retaliation

Plaintiff does not specifically allege a First Amendment retaliation claim, but to the extent he is trying to state one, the claim falls short.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

1   Cir. 2005).  Although filing lawsuits is a protected activity, a conclusory assertion of retaliation is

2   not sufficient to state a claim.  Fed. R. Civ. P. 8(a); Iqbal at 1949-50.

3            **E.    Cruel and Unusual Punishment**

4            Finally, Plaintiff alleges that the confiscation of his religious artifacts bordered on cruel an

5   unusual punishment.  In the event Plaintiff is trying to state a claim for violation of the Eighth

6   Amendment, his claim fails.

7            The Eighth Amendment protects prisoners from inhumane methods of punishment and from

8   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

9   Extreme deprivations are required to make out a conditions of confinement claim, and only those

10  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

11  the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

12  (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth

13  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

14  of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511

15  U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The

16  confiscation of religious artifacts simply does not constitute cruel and unusual punishment.

17  **IV.    Conclusion and Order**

18           Plaintiff's complaint fails to set forth sufficient facts to state a claim in accordance with Rule

19  8.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809

20  F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

21  unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

22           Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

23  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

24  Iqbal at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must

25  be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555

26  (citations omitted).

27  ///

28

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim in accordance with Rule 8;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    September 3, 2010         /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE