# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT RIDER, | CASE NO. 1:08-cv-01432-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | (Doc. 15) |
| Defendants. | ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Christopher Scott Rider, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)) on September 24, 2008.  On September 3, 2010, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. The action was dismissed on November 10, 2010, after Plaintiff failed to file an amended complaint and it was reopened on March 31, 2011, after Plaintiff moved for reconsideration.  Pending before the Court is Plaintiff's amended complaint, filed on March 31, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Summary of Amended Complaint**

   **A.     Allegations**

Plaintiff, an inmate currently housed at Salinas Valley State Prison, brings this action against unidentified mailroom staff at Pleasant Valley State Prison based on the confiscation of a deck of tarot cards, incense, an incense burner, and a set of gem stones sent to Plaintiff by a satanic friend in Ireland. Plaintiff had obtained permission from the chaplain to have the items sent as a donation to the Lefthand Path, a religion in which Plaintiff was, at that time, a high priest. Plaintiff alleges that the items were an essential part of the Lefthand Path's religious practices, and that the confiscation of the items violated his First Amendment right to freely exercise his religion and his rights under RLUIPA.

///

**B.     Claims**

The protection of the Free Exercise Clause of the First Amendment is triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008), while RLUIPA prohibits prison officials from substantially burdening a prisoner's religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means, Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quotation marks and citation omitted).  The Court previously informed Plaintiff that his very general allegations left unclear what artifacts were confiscated, what religious exercise was burdened by the confiscation, and what policy compelled the confiscation. While Plaintiff's amended complaint now sets forth what items were confiscated and how they are used by the Lefthand Path, the circumstances surrounding the confiscation of the items by the mailroom remain completely unclear.

Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each named defendant, which requires more than the mere possibility of misconduct. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff's amended complaint is devoid of facts supporting a plausible claim against mailroom staff for wrongdoing.  It is unclear why the items were confiscated, and the Court cannot hazard even a guess as to whether the confiscation was pursuant to a policy or practice related to religious exercise or to a policy or practice unrelated to religious exercise, such as receipt of mail from an unauthorized vendor, or whether the confiscation was wholly unrelated to any policy or practice, such as a deprivation resulting from theft or negligence. See Lovelace v. Lee, 472 F.3d 174, 194 (4th Cir. 2006) (negligence is not sufficient to meet the fault requirement under RLUIPA).

In addition, Plaintiff's RLUIPA claim is precluded because he is limited to seeking declaratory or injunctive relief, Sossamon v. Texas, ___ U.S. ___, ___, 131 S.Ct. 1651, 1663 (2011); Holley v. California Dept. of Corrections, 599 F.3d 1108, 1114 (9th Cir. 2010), and none remains available given that Plaintiff is no longer incarcerated at Pleasant Valley State Prison. Plaintiff's claim is premised on the past violation of his rights via a one-time confiscation of an incoming religious package by mailroom staff. Because Plaintiff is no longer incarcerated at

Pleasant Valley State Prison and his claim arises from a one-time incident, he lacks standing to pursue a claim for injunctive relief, Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001), or for declaratory relief, Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008); Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989).

### III. Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983 or RLUIPA. Plaintiff was previously provided with notice of the deficiencies and an opportunity to amend, but he was unable to cure the deficiencies in his claims and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim and the dismissal shall count as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

**Dated:   May 31, 2011**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE